# In The United States Court of Federal Claims

No. 12-654 C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: October 2, 2012)

_____

CLARENCE GANAWAY,

                Plaintiff,

   v.

THE UNITED STATES,

                Defendant.

_____

**OPINION and ORDER**

_____

On September 28, 2012, Clarence Ganaway (plaintiff) filed a complaint in this court seeking unspecified damages relating to various civil rights violations. While it is difficult to ascertain exactly the nature of plaintiff's claims (plaintiff used a form complaint from the Northern District of Ohio), it appears that the violations that plaintiff claims relate either to educational discrimination or to discrimination that he encountered as a prisoner at the Mansfield Correctional Institution in Mansfield, Ohio, a state penal institution.

This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiff's complaint, this court is certain that it lacks jurisdiction to consider the claims that plaintiff raises.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392 (1976); 28 U.S.C. § 1491. This court lacks jurisdiction to entertain general civil rights claims that are not

based upon an appropriate money-mandating provision. *See, e.g., Sanders v. Un ited States*, 34 Fed. Cl. 75, 80 (1995), *aff'd*, 104 F.3d 376 (Fed. Cir. 1996), *cert. denied*, 522 U.S. 831 (1997); *Martinez v. United States*, 26 Cl. Ct. 1471, 1476 (1992), *aff'd*, 11 F.3d 1069 (Fed. Cir. 1993). Nor does it hear claims sounding in tort, or claims involving state officials. *See* 28 U.S.C. §1491; *Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997); *Shewfelt v. United States*, 104 F.3d 1333, 1337-38 (Fed. Cir. 1997. Moreover, to the extent that plaintiff states a claim under the due process clauses of the Fifth and Fourteenth Amendments, the court lacks jurisdiction to grant relief since those clauses do not provide a basis for a money judgment. *See Yount v. United States*, 23 Cl. Ct. 372, 379, n.8 (1991), *aff'd*, 985 F.2d 583 (Fed. Cir. 1992); *Smith v. United States*, 51 Fed. Cl. 36, 38 (2001); *Wright v. United States*, 20 Cl. Ct. 416, 420 (1990). And the same can be said to the extent his complaint is read to raise a claim under the Equal Protection Clause. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir.1995). This court, therefore, lacks jurisdiction over all claims made by the plaintiff.

Accordingly, the Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge

2